**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK J. TOBIN, | No. 16-17040 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01504-MEJ |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Submitted December 18, 2018[**]
San Francisco, California

Before: GILMAN,[***] PAEZ, and OWENS, Circuit Judges.

Patrick Tobin appeals from the district court's order granting summary

judgment to the City and County of San Francisco (CCSF). As the parties are

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

familiar with the facts, we do not recount them here. We affirm.

1. As an initial matter, Tobin failed to show that the district court abused its discretion in excluding his declaration. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Rulings regarding evidence made in the context of summary judgment are reviewed for an abuse of discretion."). The district court properly excluded Tobin's declaration because it was unsigned and contained instructions from Tobin's counsel. *See* 28 U.S.C. § 1746 (requiring that a declaration be signed and dated); Fed. R. Civ. P. 56(c)(4) (requiring that a declaration "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated").

2. Tobin unsuccessfully argues that his state-law retaliation claims accrued in July 2011 and are therefore not time barred under the California Tort Claims Act. *See* Cal. Gov't Code § 911.2(a) (requiring that state-law claims be presented to the relevant agency "not later than six months after the accrual of the cause of action"). As an initial matter, the parties agree that Tobin first presented CCSF with a claim in December 2011. The district court correctly determined that Tobin's state-law claims accrued at the latest in May 2010 because Tobin failed to identify evidence of retaliatory conduct after May 2010. Therefore, the district court properly ruled that Tobin's state-law claims are time barred because he failed

to present them to CCSF until December 2011, which is "later than six months after the accrual of the cause of action" in May 2010. *Id.* In addition, Tobin's alternative arguments—that CCSF waived its defense of untimeliness and that his First and Second Amended Complaints relate back to his initial complaint—are without merit.

3. Finally, the district court did not err in granting summary judgment to CCSF on Tobin's First Amendment retaliation claim under 42 U.S.C. § 1983. To prevail on his claim, Tobin bore the burden "of showing the state 'took adverse employment action . . . [and that the] speech was a 'substantial or motivating' factor in the adverse action.'" *Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009) (citation omitted). The district court properly granted summary judgment because Tobin failed to establish that his protected speech was a substantial or motivating factor in the adverse employment action. *See Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017) ("We may affirm summary judgment on any ground supported by the record.").

**AFFIRMED**.